HUMAN RIGHTS COMMISSION — LOCAL COMMISSIONS Local commissions cannot properly be the "designated representative" of the Human Rights Commission within the statutory context of 25 O.S. 1507 [25-1507](a). Local commissions cannot require answers to interrogatories under the provisions of 25 O.S. 1501 [25-1501](6) (1971). The Attorney General is in receipt of your opinion request wherein you ask the following questions: "1. When Oklahoma Human Rights Commission, as provided in Title 25, Oklahoma Statutes, Section 1703, refers a complaint to a local commission for action, may the local commission be the 'designated representative' of the Human Rights Commission within the meaning of 25 O.S. 1507 [25-1507](a)? "2. With respect to such referred complaints, may the local Commission require answers to interrogatories as provided in 25 O.S. 1501 [25-1501](6)?" Title 25 O.S. 1703 [25-1703] (1971), provides for the establishment and creation of local commissions of human relations to promote the purposes of the Oklahoma Anti-Discrimination Act. Specifically, Section 1703 provides: "A political subdivision, or two or more political subdivisions acting jointly, may create a local commission to promote the purposes of this Act and to secure for all individuals within the jurisdiction of the political subdivision or subdivisions freedom from discrimination because of race, color, religion, sex, or national origin, and may appropriate funds for the expenses of the local commission." Section 25 O.S. 1507 [25-1507](a) provides: "In connection with an investigation of a complaint filed under this Act, the Commission or its designated representative shall have access at any reasonable time to premises, records and documents relevant to the complaint and the right to examine, photograph and copy evidence, in accordance with the Oklahoma Administrative Procedures Act." In answer to your first question, only the Commission or its "designated representative" can properly act within the provisions of Section 1507. The "designated representative" referred to within the provisions of Section 1507 is an agent of the Oklahoma Human Rights Commission. Such person is under the employ of the Commission and may properly exercise the authority given in the provisions of Section 25 O.S. 1507 [25-1507] while representing the Commission in connection with an investigation filed under this Act. The local commissions created by one or more political subdivisions are legal entities, separate and apart from the State Commission, and as such operate independently of the State Commission. Attorney General Opinion No. 74-189. As to your second question, the powers of the local commissions are contained in the provisions of Section 1704. Section 25 O.S. 1704 [25-1704] specifically states: "A local commission may have the following powers in addition to powers authorized by other laws: "(1) to employ an executive director and other employees and agents and fix their compensation; "(2) to cooperate with individuals and state, local and other agencies, both public and private, including agencies of the Federal Government and other states and municipalities; "(3) to accept gifts, bequests, grants, or other payments, public or private, to help finance its activities; "(4) to receive, initiate, investigate, and seek to conciliate complaints alleging violations of this Act or of an ordinance prohibiting discrimination because of race, color, religion, sex, or national origin or legislation establishing the commission; "(5) to make studies appropriate to effectuate its purposes and policies and to make the results thereof available to the public; and "(6) to render at least annually a report, a copy of which shall be furnished to the State Commission." The above powers do not include the power to compel answers to interrogatories. The powers conferred by the provisions of 25 O.S. 1501 [25-1501](6) are powers specifically to be utilized by the Oklahoma Human Rights Commission. However, there is nothing contained within the provisions of 25 O.S. 1101 [25-1101] (1971), et seq., to preclude a local commission created under proper charter provisions from adopting discovery procedures of its own or adopting the provisions by reference contained in Section 25 O.S. 1501 [25-1501](6). It is, therefore, the opinion of the Attorney General that your first question be answered in the negative in that local commissions cannot properly be the "designated representative" of the Human Rights Commission within the statutory context of 25 O.S. 1507 [25-1507](a). It is further the opinion of the Attorney General that your second question be answered in the negative in that local commissions cannot require answers to interrogatories under the provisions of 25 O.S. 1501 [25-1501](6) (1971). (Nathan J. Gigger)